UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA CASTANEDA,<br><br>                Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No. 1:22-cv-00467-CDB (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]<br><br>(Docs. 16, 18) |

Plaintiff Gloria Castaneda ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for disability benefits under the Social Security Act. (Doc. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Docs. 16, 18). Upon review of the Administrative Record (Doc. 13-1, "AR") and the parties' briefs, the Court finds and rules as follows.

I.    **BACKGROUND**

   **A. Administrative Proceedings and ALJ's Decision**

On September 28, 2017, Plaintiff filed a Title II application for disability insurance benefits and a Title XVI application for supplemental security income. (AR 19, 211-12).

---

[1] Based on the parties' consent to magistrate judge jurisdiction for all purposes, the undersigned was authorized to preside over all proceedings effective July 7, 2022, pursuant to 28 U.S.C. § 636(c)(1). (Doc. 12).

1  Plaintiff's applications were denied initially and upon reconsideration, and Plaintiff requested a
2  hearing before an administrative law judge ("ALJ"). (AR 132-42, 145-47). On June 11, 2020,
3  ALJ Shiva Bozarth held a hearing, during which Plaintiff, represented by counsel, and an
4  independent vocational expert testified. (AR 36-63). The ALJ issued his decision on February
5  16, 2021, finding Plaintiff not disabled. (AR 19-30). On December 16, 2021, the Appeals
6  Council declined Plaintiff's request for review. (AR 5-7).

7  In his decision, the ALJ engaged in the five-step sequential evaluation process set forth by
8  the Social Security Administration. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ
9  found Plaintiff had not engaged in substantial gainful activity since July 3, 2015, the alleged onset
10  date. (AR 22). At step two, the ALJ determined that Plaintiff had the following severe
11  impairments: "degenerative joint disease, obesity, minimal carpal tunnel syndrome, depression
12  and anxiety." (AR 22). At step three, the ALJ found that Plaintiff did not have an impairment, or
13  combination of impairments, that met or medically exceeds the severity of one of the listed
14  impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 22).

15  The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform
16  medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with the exception that she
17  could lift and carry 50 pounds occasionally and 25 pounds frequently. (AR 23). Additional
18  limitations included that Plaintiff could sit, stand, and/or walk for 6 hours out of an 8-hour
19  workday; should never climb ladders or scaffolds; could occasionally reach overhead with her left
20  upper extremity; could frequently reach in other directions; and frequently handle, finger, and feel
21  with the left upper extremity. (AR 23). Plaintiff could perform simple and repetitive type work
22  with routine work-related decision-making. (AR 23).

23  At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant
24  work. (AR 28). At step five, based on the testimony of the vocational expert, and considering
25  Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could
26  perform jobs that exist in the national economy, such as counter supply worker, cleaner (wall),
27  and hand packer. (AR 29-30). Accordingly, the ALJ found Plaintiff had not been under a
28  disability from July 3, 2015, through the date of decision. (AR 30).

**B. Medical Record and Hearing Testimony**

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

## II. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (citation modified). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

The court will review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely. Social Security Act § 205, 42 U.S.C. § 405(g). In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id.* An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

A claimant must satisfy two conditions to be considered "disabled" and eligible for benefits within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**III.   ISSUES AND ANALYSIS**

Plaintiff seeks judicial review of the Commissioner's final decision denying her applications. (Doc. 1). Plaintiff raises the following two issues:

1) The ALJ's RFC determination is not supported by substantial evidence because the ALJ assess the opinion of psychological consultative examiner, Dr. Bonilla, as persuasive but failed to account for all limitations assessed therein or explain their omission.

2) The ALJ's credibility determination is not supported by substantial evidence.

(Doc. 16 at 19-20).

**A. Whether the ALJ's RFC Determination is Supported by Substantial Evidence**

Plaintiff first argues the RFC was not supported by substantial evidence because the ALJ

5

1   did not adequately account for the mental limitations opined by Dr. Pauline Bonilla, a clinical
2   psychologist.

3   **1. Governing Authority**

4   A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations."
5   20 C.F.R. §§ 404.1545(a), 416.945(a).  The RFC assessment is an administrative finding based on
6   all relevant evidence in the record, not just medical evidence.  *Bayliss v. Barnhart*, 427 F.3d
7   1211, 1217 (9th Cir. 2005).  In determining the RFC, the ALJ must consider all limitations,
8   severe and non-severe, that are credible and supported by substantial evidence in the record.  *Id.*
9   However, an ALJ's RFC finding need only be consistent with relevant assessed limitations and
10  not identical to them.  *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010)
11  ("Although the ALJ rejected any implication in Dr. Koogler's evaluation that Turner was
12  disabled, he did incorporate Dr. Koogler's observations into his residual functional capacity
13  determination. … These limitations were entirely consistent with Dr. Koogler's limitation.").  An
14  ALJ need not use the same language as the medical opinion setting forth the limitations, as long
15  as the RFC sufficiently accounts for the limitations.  *See Stubbs-Danielson v. Astrue*, 539 F.3d
16  1169, 1173-74 (9th Cir. 2008).  Ultimately, a claimant's RFC is a matter for the ALJ to
17  determine.  *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).

18  **2. Dr. Bonilla's Opinion and ALJ Consideration**

19  On May 26, 2018, Dr. Bonilla conducted a comprehensive mental health evaluation of
20  Plaintiff.  (AR 860-65).  Based on her examination, Dr. Bonilla concluded Plaintiff suffered from
21  persistent depressive disorder secondary to medical condition and unspecified anxiety disorder.
22  (AR 864).  Dr. Bonilla opined that Plaintiff's "symptom severity appears to be in the mild to
23  moderate range" and the likelihood of improvement in the next 12 months was good.  (AR 864).
24  Plaintiff's limitations were primarily due to medical issues with mental health secondary.  (AR
25  864).  Dr. Bonilla concluded Plaintiff had mild impairments in her abilities to perform simple and
26  repetitive tasks; accept instructions from a supervisor; interact with co-workers and the public;
27  sustain an ordinary routine without special supervision; and maintain regular attendance in the
28  workplace.  (AR 864).  Plaintiff also had moderate impairments in her abilities to perform

6

1  detailed and complex tasks; complete a normal workday/workweek without interruptions from a
2  psychiatric condition; and deal with stress and changes.  (AR 864-65).
3        The ALJ found Dr. Bonilla's opinion persuasive because it was "based upon direct
4  examination" of Plaintiff and was consistent with the objective findings.  (AR 28).  In crafting the
5  RFC, the ALJ found Plaintiff could "perform simple and repetitive type work with routine work-
6  related decision-making."  (AR 23).
7        **3.  Arguments and Analysis**
8        Plaintiff argues that despite finding Dr. Bonilla's opinion persuasive, the ALJ failed to
9  incorporate limitations from her opinion in the RFC, "including [her] findings that Plaintiff is
10 moderately impaired in her ability to complete a normal workday/workweek without interruptions
11 from a psychiatric condition; and ability to deal with stress and changes encountered in the
12 workplace."  (Doc. 16 at 22).  Because "the ALJ provided no explanation for said omission,"
13 Plaintiff asserts the ALJ erred by failing to consider significant probative evidence.  (*Id.* at 22-
14 23).
15       The Commissioner responds that the ALJ's conclusion that Plaintiff "retained the RFC to
16 perform simple and repetitive type work with routine work-related decision making" was
17 consistent with Dr. Bonilla's opinion.  (Doc. 18 at 5-6).  The Commissioner asserts that "it was
18 the ALJ's duty to translate Dr. Bonilla's assessment of moderate limitations into a concrete
19 statement of abilities in the RFC finding."  (*Id.* at 6).  The Commissioner argues the ALJ
20 adequately accounted for Dr. Bonilla's findings of mild to moderate limitations by limiting
21 Plaintiff to simple and repetitive type work.  (*Id.* at 7-8).
22       To the extent Plaintiff challenges the RFC solely on the ALJ's failure to adequately
23 account for Dr. Bonilla's opined limitations, such argument fails.  Importantly, the RFC needs
24 only be *consistent* with, rather than identical to, the opined limitations.  The RFC's limitation to
25 simple, repetitive work is consistent with Dr. Bonilla's findings of mild to moderate impairments
26 in the various mental functioning areas.  While Plaintiff may have wished for additional
27 limitations to be incorporated by the ALJ, nothing in Dr. Bonilla's opinion requires greater
28 limitations than those assessed in the RFC.  Because the RFC is consistent with Dr. Bonilla's

persuasive opinion and sufficiently accounts for the opined limitations, the ALJ did not err.

**B. Whether the ALJ's Credibility Determination is Supported by Substantial Evidence**

Plaintiff second argument challenges the ALJ's rejection of her symptom testimony. (*See* Doc. 16 at 23-27).

**1. Legal Standard**

The ALJ is responsible for determining credibility,[2] resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). A claimant's statements of pain or other symptoms are not conclusive evidence of a physical or mental impairment or disability. 42 U.S.C. § 423(d)(5)(A); *see* SSR 16-3p, 2017 WL 5180304, at *2 ("an individual's statements of symptoms alone are not enough to establish the existence of a physical or mental impairment or disability"); *see also Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) ("An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment.") (internal quotation marks and citation omitted); *Molina v. Astrue*, 674 F.3d 1104, 1104 (9th Cir. 2012) (same), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Determining whether a claimant's testimony regarding subjective pain or symptoms is credible requires the ALJ to engage in a two-step analysis. *Id.* at 1112. The ALJ must first determine if "the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal punctuation and citations omitted). This does not require the claimant to show that her impairment could be expected to cause the severity of the symptoms that are alleged, but only that it reasonably could have caused some degree of symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

If the first step is met and there is no evidence of malingering, "the ALJ must provide

---

[2] SSR 16-3p applies to disability applications heard by the agency on or after March 28, 2016. Ruling 16-3p eliminated the use of the term "credibility" to emphasize that subjective symptom evaluation "is not an examination of an individual's character," but an endeavor to determine how "symptoms limit an individual's ability to perform work-related activities." SSR 16-3p, 2017 WL 5180304, at *3. Nevertheless, the Ninth Circuit continues to reference an ALJ's "credibility assessment" when reviewing claims that an ALJ impermissibly discounted a claimant's testimony. *E.g.*, *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020).

8

'specific, clear and convincing reasons for' rejecting the claimant's testimony." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (*quoting Smolen*, 80 F.3d at 1281); *see Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (noting an adverse credibility finding must be based on "clear and convincing reasons"). The ALJ must make findings that support this conclusion, and the findings must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

The Ninth Circuit does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *Stewart v. Kijakazi*, No. 1:22-cv-00189-ADA-HBK, 2023 WL 4162767, at *5 (E.D. Cal. Jun. 22, 2023), *findings & recommendations adopted*, 2023 WL 5109769 (Aug. 8, 2023); *see Record v. Kijakazi*, No. 1:22-cv-00495-BAM, 2023 WL 2752097, at *4 (E.D. Cal. Mar. 31, 2023) ("Even if the ALJ's decision is not a model of clarity, where the ALJ's 'path may reasonably be discerned,' the Court will still defer to the ALJ's decision.") (*quoting Wilson v. Berryhill*, 757 Fed. Appx. 595, 597 (9th Cir. 2019)). "The standard isn't whether our court is convinced, but instead, whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (the clear and convincing standard requires an ALJ to show her work).

The ALJ may consider numerous factors in weighing a claimant's credibility, including "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284. In evaluating the credibility of symptom testimony, the ALJ must also consider the factors identified in SSR 16-3P. *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)); *accord Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). These factors include:

>(1) Daily activities; (2) The location, duration, frequency, and intensity of pain or other symptoms; (3) Factors that precipitate and aggravate the symptoms; (4) The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P, 2017 WL 5180304, at *7. *See* 20 C.F.R. § 404.1529(c)(3). If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing. *Tommasetti*, 533 F.3d at 1039 (citations and internal quotation marks omitted).

The clear and convincing standard is "not an easy requirement to meet," as it is "'the most demanding requirement in Social Security cases.'" *Garrison v. Colvin,* 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). "A finding that a claimant's testimony is not credible must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

"The fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it." *Vertigan,* 260 F.3d at 1049; *see* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability solely because the objective medical evidence does not substantiate your statements."). Rather, where a claimant's symptom testimony is not fully substantiated by the objective medical record, the ALJ must provide additional reasons for discounting the testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). "The ALJ must specify what testimony is not credible and identify the evidence that undermines the claimant's complaints – '[g]eneral findings are insufficient.'" *Id.* (*quoting Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

However, the medical evidence "is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.

2001). The Ninth Circuit has distinguished testimony that is "uncorroborated" by the medical evidence from testimony that is "contradicted" by the medical records and concluded that contradictions with the medical records, by themselves, are enough to meet the clear and convincing standard. *Hairston v. Saul*, 827 Fed. Appx. 772, 773 (9th Cir. 2020) (*quoting Carmickle*, 533 F.3d at 1161).

### 2. Plaintiff's Testimony and ALJ Consideration

Plaintiff alleged she was unable to work due to pain in her left shoulder, anxiety, and depression. (AR 277). Plaintiff testified that she was undergoing mental health treatment, including medications and weekly counseling. (AR 49-50). She lived with her five-year-old son, and her mother spent six to eight hours a day helping her with chores, including dishes, laundry, sweeping, and caring for Plaintiff's child. (AR 50-51). Plaintiff would have difficulty doing these things without assistance. (AR 51). Plaintiff could drive herself to the grocery store and use her right hand to put items into her cart but could not use her left arm and would need assistance with lifting heavy items and pushing her cart. (AR 51-52). She experienced extreme pain in her left arm that radiated up to her neck and gave her headaches at least once a day, lasting from one to four hours. (AR 52, 55). She also had tension in her back that caused severe back pain. (AR 52, 55). She was unable to fasten a bra. (AR 54).

The ALJ concluded Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (AR 24). The ALJ proceeded to summarize the medical record, starting with Plaintiff's work injury in November 2013. (AR 24-26). The ALJ also addressed medical opinions addressing Plaintiff's capabilities. (AR 27-28). The ALJ then reiterated that Plaintiff's symptom testimony was not consistent with the evidence of record and further indicated that her "ability to do light housework, all personal needs, some shopping, easy-meal preparation, and drive, are inconsistent with the alleged presence of a condition that would preclude all work activity." (AR 28).

### 3. Arguments and Analysis

Plaintiff argues "[t]he ALJ's reasons for finding [her] testimony to be inconsistent with

11

the record are neither clear nor convincing" because "the ALJ simply gave the usual boilerplate that Plaintiff's symptoms were not entirely consistent with the medical evidence" and provided a general summarization of the medical records without drawing "a narrative bridge between said summarization and the ALJ's specific findings as to Plaintiff's credibility."  (Doc. 16 at 24-25).  The Commissioner responds that the ALJ properly rejected Plaintiff's subjective allegations based on the objective medical evidence, her positive response to treatment, and her daily activities.  (Doc. 18 at 10-14).

The Court finds Plaintiff's argument persuasive and concludes the ALJ failed to provide clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's testimony.  To the extent the ALJ rejected Plaintiff's testimony because it was not supported by the objective evidence, the ALJ wholly fails to identify the specific testimony he found not credible and unsupported.  *See Brown-Hunter*, 806 F.3d at 489 ("[W]e require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by the evidence in the record, to support that credibility determination.").  While the ALJ provided a general review of the medical record, this is insufficient to satisfy the specific reasons requirement.  *See id.* at 494 (summary of the medical evidence supporting RFC determination is "not the sort of explanation or the kind of 'specific reasons'" required).

To the extent the ALJ also relied on Plaintiff's daily activities as being inconsistent with a disabling condition, such is insufficient to support his credibility analysis.  There are two grounds on which an ALJ may use a plaintiff's daily activities to question a plaintiff's credibility as to her subjective symptoms: (1) when daily activities demonstrate the plaintiff has transferable work skills, and (2) when daily activities contradict the plaintiff's testimony as to the degree of functional limitation.  *Orn*, 495 F.3d at 659.  However, "disability [plaintiffs] should not be penalized for attempting to lead normal lives in the face of their limitations."  *Reddick*, 157 F.3d at 722; *see Smolen*, 80 F.3d at 1284 n.7 ("The Social Security Act does not require that [plaintiffs] be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication.").  "The mere fact that a plaintiff has carried on with certain daily activities,

such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from [their] credibility[.]" *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005) (quoting *Vertigan*, 260 F.3d at 1050).

Here, the ALJ concluded Plaintiff's "ability to do light housework, all personal needs, some shopping, easy-meal preparation, and drive, are inconsistent with the alleged presence of a condition that would preclude all work activity." (AR 28). However, this is the specific type of evidence the Ninth Circuit has concluded should not detract from a claimant's credibility. *See Webb*, 433 F.3d at 688. Further, even if the ALJ properly considered this evidence in assessing Plaintiff's credibility, he fails to explain why Plaintiff's limited activities are inconsistent with her complaints about extreme pain. While earlier in his decision the ALJ explained why Plaintiff's daily activities were inconsistent with her allegedly disabling *mental* impairments (AR 23), at no point does he indicate how or why her daily activities are inconsistent with her testimony regarding her *physical* impairments.

Accordingly, the ALJ did not identify specific, clear, and convincing reasons supported by substantial evidence for discrediting Plaintiff's symptom testimony. An ALJ's error may be harmless where he provides valid reasons for disbelieving a plaintiff's testimony in addition to invalid reasons. *Molina*, 674 F.3d at 1115 (collecting cases). Here, however, the ALJ did not provide any valid reasons for rejecting Plaintiff's symptomology testimony such that the decision is not supported by substantial evidence. Thus, the error is not harmless and, based on the Court's review of the entire record, remand for further proceedings is necessary. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

### IV.   CONCLUSION AND ORDER

For the reasons stated above, the Court ORDERS as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 16) is GRANTED;
2. The decision of the Commissioner is reversed, and this matter is remanded back to the Commissioner of Social Security for further proceedings consistent with this order; and

13

3.  The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Gloria Castaneda and against Defendant Commissioner of the Social Security Administration.

IT IS SO ORDERED.

Dated:  **September 9, 2025**

_____
UNITED STATES MAGISTRATE JUDGE